UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DELBERT McGEE, ) <br> ) <br> Defendant. ) | Case No. 10-CR-20013 |

## OPINION

This case is before the court for ruling on the pro so Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment No. 709 (#41) filed by Defendant, Delbert McGee. Because Defendant is not entitled to any relief under 18 U.S.C. § 3582(c)(2), this court must construe his Motion as a Motion under 28 U.S.C. § 2255.

## BACKGROUND

On March 4, 2010, Defendant, Delbert McGee was charged by indictment (#1) with the offense of knowing possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On December 6, 2010, Defendant pled guilty to the offense pursuant to a written plea agreement (#19). In the written plea agreement, the parties agreed that Defendant "would be classified as an Armed Career Offender" because he had three prior felony convictions that are considered violent felonies and/or serious drug offenses. The parties agreed that Defendant's Sentencing Guideline imprisonment range was 188 to 235 months. The parties agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a sentence of 188 months. In the written plea agreement, Defendant waived his right to

appeal and his right to collaterally attack his conviction or sentence under 28 U.S.C. § 2255.

On March 17, 2011, a sentencing hearing was held and Defendant was sentenced to a term of 188 months in the Federal Bureau of Prisons. The presentence investigation report stated that the November 1, 2010, edition of the United States Sentencing Commission Guidelines Manual was used to compute Defendant's sentencing guidelines.

ANALYSIS

On January 30, 2012, Defendant filed a pro se Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment No. 709 (#41). Defendant asked this court to resentence him based upon Amendment 709 to the United States Sentencing Guidelines which he claims means that he was improperly classified as an Armed Career Criminal.

Federal courts are forbidden, as a general matter, to "'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011). An exception is provided for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 709 was effective November 1, 2007, and was in effect at the time Defendant was sentenced in March 2011. Therefore, Defendant clearly is not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2).

Accordingly, this court concludes that, in his pro se Motion to Correct Sentence, Defendant is seeking relief he can obtain only through 28 U.S.C. § 2255 and his Motion must

be construed as a § 2255 Motion. See United States v. Evans, 224 F.3d 670, 673 (7th Cir. 2000); United States v. Ball, 2010 WL 2545697, at *1 (W.D. Wis. 2010). A postconviction Motion that is functionally, substantively, a motion under § 2255 should be treated as such, even if labeled differently. United States v. Henderson, 264 F.3d 709, 710 (7th Cir. 2001), citing Evans, 224 F.3d at 673.[1]

However, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), this court must advise Defendant of this court's intent to characterize the Motion as one under § 2255 and warn Defendant that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)). This court further advises Defendant that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes he has. Castro, 540 U.S. at 383; see also Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004). This court notes that any amended § 2255 Motion should address the effect of Defendant's waiver of his right to bring a collateral attack under § 2255 included in his written plea agreement.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion (#41) will be construed by this court as a Motion under 28 U.S.C. § 2255. Defendant is allowed thirty (30) days from the date of this Opinion to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his

---

[1] This court notes that Defendant stated in his Motion that "[i]n the alternative, the Court may construe this 18 U.S.C. § 3582 as a 28 U.S.C. § 2255 motion."

Motion to include every § 2255 claim he believes he has.

(2) If Defendant does not withdraw his Motion, the Motion will be filed in a civil case and the case will proceed under § 2255. In ruling on the Motion under § 2255, this court will address the effect of Defendant's waiver of his right to bring a collateral attack under § 2255.

ENTERED this 9th day of February, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE